WALTER J. BREAKELL, III AND DOROTHY BREAKELL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12292-90.        Filed September 5, 1991.

*John H. Lavelle,* for the petitioner.
*Elizabeth P. Flores,* for the respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency of $34,346 in petitioners' 1986 Federal income tax together with an addition to tax of $83 under section 6653(a)(1)(A)[1] and 50 percent of the interest payable under section 6653(a)(1)(B). After concessions by the parties, the sole issue for decision is the extent to which petitioners understated their tax preference items and therefore their alternative minimum tax.

All of the facts have been stipulated and are found accordingly.

At the time they filed their petition, petitioners resided in Bradenton, Florida. They filed a timely joint Federal income tax return for the taxable year 1986. On that return, they reported items of income and deductions as follows:

| Income | |
|---|---|
| Interest........................................ | $26,817 |
| Dividends ($131 less $112 exclusion)............. | 19 |
| Capital gain ($712,557 less sec. 1202 deduction of $427,534) ..................................... | 285,023 |
| Net rental income .............................. | 38,753 |
| Net operating loss carryover .................... | (509,507) |
| Adjusted gross income ......................... | (158,895) |
| Deductions..................................... | (2,367) |
| Exemptions..................................... | (2,160) |
| Adjusted gross income plus exemptions and deductions .................................... | (163,422) |

---

[1] All statutory references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On that return, petitioners computed their alternative minimum tax as follows:

| | |
|---|---:|
| Adjusted gross income ($158,895 less $15,683 alternative minimum tax net operating loss adjustment) ................................. | $(143,212) |
| Plus tax preference items— | |
| Dividend exclusion .......................... | 112 |
| Sec. 1202 deduction ($427,534 less $163,422) ... | 264,112 |
| Alternative minimum taxable income ............ | 121,012 |
| Minus married filing joint return exemption...... | (40,000) |
| | 81,012 |
| Alternative minimum tax (at 20 percent) ........ | 16,202 |

Respondent has recomputed petitioners' alternative minimum tax as follows:

| | |
|---|---:|
| Adjusted gross income line 32 of Form 1040 ..... | $(158,895) |
| AMT NOL adjustment ........................ | 15,683 |
| | (143,212) |
| Plus tax preference items— | |
| Dividend exclusion .......................... | 112 |
| Sec. 1202 deduction.......................... | 427,534 |
| Alternative minimum taxable income ............ | 284,434 |
| Minus the married filing joint return exemption .. | (40,000) |
| | 244,434 |
| Alternative minimum tax (20 percent of $244,434) | 48,887 |

It is obvious from the foregoing that the only difference between the parties is the proper figure to be used in respect of the section 1202 deduction for purposes of the alternative minimum tax. Petitioners claim that it should be the gross amount of that deduction, namely, $427,534 less the amount from which no tax benefit was derived as shown on their 1986 return, namely $163,422. Petitioners assert that, unless their figure is accepted, they will lose part of both their section 1202 deduction and their net operating loss deduction of $509,507, which was not eligible to be carried over to a subsequent taxable year.

Respondent does not dispute petitioners had $163,422 loss of tax benefits in respect of their section 1202 deduction for purposes of their regular income tax but claims that petitioners' position results in a double tax benefit in that the section 1202 deduction has been taken into account in producing the $163,422 figure shown on the return and that to the extent that this is so, petitioners should be subjected to the alternative minimum tax. Re-

spondent insists that petitioners' computation of alternative minimum taxable income counts the section 1202 deduction twice. With a minor adjustment, we agree with respondent.

The alternative minimum tax provisions are set forth in sections 55 through 58 and the particular provision involved herein is section 58(h) which, as applicable to the taxable year 1986,[2] reads as follows:

SEC. 58(h). REGULATIONS TO INCLUDE TAX BENEFIT RULE.—The Secretary shall prescribe regulations under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer's tax under this subtitle for any taxable years.

We see no need to delve into the history of section 58(h) and the thrust which has been accorded it in the decided cases. That task has been thoroughly performed in *First Chicago Corp. v. Commissioner*, 88 T.C. 663 (1987), affd. 842 F.2d 180 (7th Cir. 1988), which established two principles which govern our decision herein. First, we reaffirmed the position, which we had previously taken in *Occidental Petroleum Corp. v. Commissioner*, 82 T.C. 819 (1984), that the fact that the Secretary of the Treasury had not issued regulations (a situation which continues to exist)[3] did not relieve us from doing "the best we can with section 58(h)." Respondent does not dispute this principle herein. *First Chicago Corp. v. Commissioner*, 88 T.C. at 669. Second, we reaffirmed the position we took in *Occidental Petroleum Corp. v. Commissioner, supra,* that section 58(h) was to be implemented by first determining the reduction in regular taxes for the taxable year through the use of nonpreference items and then applying the preference items to determine the extent to which the use of such latter items resulted in a tax benefit and therefore should be subject to the alternative minimum tax. See also *Weiser v. United States,* 746 F. Supp. 958 (N.D. Cal. 1990), on appeal (9th Cir., Sept. 26, 1990); Rev. Rul. 80-226, 1980-2 C.B. 26, for a statement of respondent's position. The fact that *First Chicago* and

---

[2] Sec. 58(h) was repealed by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 701(a), 100 Stat. 2320, but continued with a change in language, namely, "shall" to "may" effective for years after 1986. See sec. 59(g).

[3] Temporary regulations dealing with the application of the tax benefit rule under sec. 58(h) to credits but not deductions have been adopted. Sec. 1.58-9T, Temporary Income Tax Regs., 54 Fed. Reg. 19364 (May 5, 1989).

*Occidental Petroleum* involved credits instead of deductions is, in our opinion, immaterial.

The application of the foregoing principles in respect of the order in which deductions are utilized in computing the alternative minimum tax herein can be illustrated as follows:

| | | |
|---|---|---|
| Interest and dividends............................ | | $26,948 |
| Rents and royalties.............................. | | 38,753 |
| Capital gains ................................... | | 712,557 |
| Total gross income .............................. | | 778,258 |
| Net operating loss carryover .................... | | 509,507 |
| Balance......................................... | | 268,751 |
| Itemized deductions ............................ | | 4,527 |
| Balance......................................... | | 264,224 |
| Preference deductions— | | |
|     Dividend exclusion | $112.............. | - - - |
|     Sec. 1202 deduction | 427,534.............. | 427,646 |
| Unutilized preference deductions ............... | | 163,422 |

On the basis of the foregoing, it is apparent that petitioners were unable to utilize $163,534 out of their preference item deductions in computing their 1986 taxable income for purposes of their regular income tax. But that consequence does not end the matter. While the $163,422 did not result in any tax benefit in determining petitioners' regular income tax, it nevertheless contributed $158,895 to produce the negative adjusted income which constitutes the starting point for computing the alternative minimum tax. Thus, to that extent, petitioners have already received the equivalent of a reduction in the $427,646 preference items. Petitioners' position fails to take into account that the base of the alternative minimum income tax in section 55 was changed from gross income to adjusted gross income by section 201(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 411, establishing the use of negative adjusted gross income as the base figure, which had built into it offsets representing preference item deductions, e.g., the $100 dividend exclusion and the section 1202 deduction involved herein. To accept petitioners' position would clearly produce an unwarranted double deduction to the extent of $158,895. We find support for our analysis and conclusion in *Weiser v. United States, supra.* With respect to the remaining $4,527 of the $163,422

loss of tax benefit in respect of petitioners' regular income tax, it is apparent that, unless the $427,646 in preference items is reduced by that amount, petitioners will be subject to the alternative minimum tax on an amount that in no way produced a tax benefit. Thus, we hold that the $427,646 of preference items should be reduced by $4,527 in calculating petitioners' alternative minimum tax.

In view of the concessions of the parties on other issues,

*Decision will be entered under Rule 155.*