August **URBANEK**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

No. 92–7149–CIV.

United States District Court,
S.D. Florida.

Oct. 31, 1994.

Gerald S. Walsh, Lloyd W. Herrod, Walsh & Keating, S.C., Milwaukee, WI, and William D. Ricker, Jr., Fleming, O'Bryan & Fleming, Fort Lauderdale, FL, for plaintiff August Urbanek.

Alvarez L. Le Cesne, Jr., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant U.S.

### FINAL JUDGMENT

ZLOCH, District Judge.

Plaintiff, August Urbanek, filed the instant action seeking a refund of federal income tax in the amount of $102,105 plus interest from the Defendant, United States of America, for the tax year ended December 31, 1984. The Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1346(a)(1).

The sole question for this Court to decide is whether the Plaintiff may reduce his alternative minimum taxable income ("AMTI") for the tax year ended December 31, 1984 by a regular tax net operating loss ("NOL") carried back from the tax year ended 1987, which would result in the claimed refund amount of $102,105. For the reasons that follow, this Court finds that the Plaintiff is not entitled to such a refund, and therefore, this Court finds in favor of the United States.

### I. FACTS

The parties stipulated to all of the facts in the instant action and filed joint exhibits. *See* Stipulation Of Facts (DE 22). The Plaintiff, August Urbanek, is a citizen of the United States of America and is a resident of the State of Florida. During the tax years 1984 to 1987, inclusive, and for many years prior thereto, the Plaintiff was actively engaged in the business of owning, developing, managing, operating and renting real estate including commercial shopping centers in various states of the United States including the state of Florida.

For the tax year ended December 31, 1984, after audit adjustments, the Plaintiff reported adjusted gross income ("AGI") in the amount of $582,009, regular taxable income in the amount of $21,732, and AMTI in the amount of $1,307,607. After audit adjustments, the Internal Revenue Service ("IRS") determined that the Plaintiff's 1984 income tax liability was $255,521 consisting of regular tax in the amount of $531 and net alternate minimum tax ("AMT") in the amount of $254,990.[1] Plaintiff fully paid the entire $255,521 tax liability to the IRS.

In computing his AGI and regular taxable income for 1984, the Plaintiff reported combined net capital gains of $1,845,405, and consequently, further claimed and reported a sixty percent (60%) capital gain deduction in the amount of $1,107,243, which resulted in reported net capital gains in the amount of $738,162. Similarly, the Plaintiff reported the sixty percent (60%) capital gain deduction in the amount of $1,107,243 as a tax preference item in computing his AMTI, and paid an AMT in the amount of $221,449 on such capital gain deduction tax preference item.

For the tax year ended December 31, 1987, the Plaintiff incurred a regular tax NOL in the amount of $510,506, but he did not incur an alternative tax NOL for that year. After the utilization of allowable deductions, the Plaintiff had no regular tax liability for 1987. However, the Plaintiff had positive AMTI for 1987 in the amount of $283,897. Because the Plaintiff's entire AMT exemption amount was phased out under Section 55(d)(3)(B) of the Internal Revenue Code of 1986, the Plaintiff was subject to an AMT liability in 1987 in the amount of $59,618, which the Plaintiff fully paid to the IRS.

---

1. The Plaintiff's gross AMT was $255,521, which was reduced by the regular tax of $531 to arrive at the net AMT of $254,990.

On or about August 14, 1990, the Plaintiff filed an Amended Income Tax Return for 1984 and claimed his $510,506 regular tax NOL from 1987 as a deduction in computing both his 1984 regular taxable income and his 1984 AMTI. In particular, the Plaintiff deducted the $510,506 regular tax NOL from his 1984 regular taxable income, which eliminated the Plaintiff's 1984 regular taxable income of $21,732 and left the Plaintiff with a 1984 amended regular tax NOL of $488,774. However, because Section 172(b)(2) of the Code required that the $1,107,243 capital gain deduction for 1984 be added back to taxable income in determining how much of the 1987 regular tax NOL was absorbed in 1984, all of the Plaintiff's $510,506 regular tax NOL was absorbed in 1984. Consequently, the Plaintiff was unable to carry the leftover $488,774 regular tax NOL to subsequent tax years. Because the Plaintiff allegedly received no "tax benefit" from the leftover $488,774 regular tax NOL, the Plaintiff reduced his 1984 AMTI by the $488,774 amount on his 1984 Amended Income Tax Return. As a result of the Plaintiff's treatment of his $510,506 regular tax NOL from 1987, the Plaintiff claimed a refund on his 1984 Amended Income Tax Return in the amount of $102,105, which sum reflected a claimed refund of net alternative minimum tax in the amount of $101,574 and a claimed refund of regular tax in the amount of $531.

On August 8, 1991, the District Director of the IRS forwarded to the Plaintiff a thirty-day letter disallowing the Plaintiff's claim for refund for the tax year ended December 31, 1984, and notifying the Plaintiff of his right to appeal. On October 14, 1991, the Plaintiff timely filed with the Appeals Office of the IRS a protest of the District Director's disallowance of his claim for refund. On February 25, 1992, the Regional Commissioner of the IRS mailed to Plaintiff a Notice of Disallowance of the Plaintiff's protest with respect to his claim for refund in the sum of $102,105 for the tax year ended December 31, 1984. The instant refund action followed.

**2.** The original 1987 regular tax NOL amount of $510,506 was initially deducted from the regular taxable income of $21,732, which eliminated the entire 1984 regular tax liability of $531. However, because the Plaintiff is subject to an AMT, the

## II. *DISCUSSION*

The Plaintiff raises two alternative theories in support of his refund claim. First, the Plaintiff asserts that in calculating his 1984 AMTI, the 1984 starting AGI should be reduced by the leftover $488,774 regular tax NOL deduction from 1987. Second, because his entire 1987 NOL carryback deduction was absorbed in 1984 when his capital gains deductions were added back to the AMTI calculation pursuant to Section 172(b)(2), the Plaintiff alternatively asserts he received no "tax benefit" from $488,774 of 1984 capital gains deduction, and consequently, he should not be subjected to AMT on a tax preference item for which he received no "tax benefit." Therefore, the Plaintiff argues that the $1,107,243 capital gains deduction included in the 1984 AMTI calculation should be reduced by the $488,774 leftover 1987 regular tax NOL. Under either theory, the taxpayer's 1984 AMTI would be reduced by $488,774, which would result in the $102,105 claimed refund.[2]

### A. AGI in computing AMTI

With respect to Plaintiff's first theory, the Internal Revenue Code is clear that in computing AMTI, AGI may not be reduced by a regular tax NOL deduction. Section 55(b), as in effect for the tax year ended December 31, 1984, specifically defined AMTI as follows:

(b) ALTERNATIVE MINIMUM TAXABLE INCOME.—For purposes of this title, the term "alternative minimum taxable income" means the adjusted gross income (*determined without regard to the deduction allowed by section 172*) of the taxpayer for the taxable year—

(1) reduced by the sum of—

(A) the *alternative tax* net operating loss deduction, plus

(B) the alternative tax itemized deductions, plus

elimination of the Plaintiff's regular tax liability, without any reduction in his gross AMT, does not reduce the Plaintiff's overall tax liability. Therefore, unless the Plaintiff is entitled to reduce his AMTI, the Plaintiff would not receive any refund.

(C) any amount included in income under section 667, and

(2) increased by the amount of items of tax preference.

26 U.S.C. § 55(b) (1982) (emphasis added). Section 172 is the Code provision that provides for a regular tax NOL deduction in computing a taxpayer's regular tax. Therefore, Section 55(b) provides that in calculating the AMTI, the taxpayer starts with his AGI determined *without* any regular tax NOL deduction.

Despite the clear language of Section 55(b), Plaintiff contends his 1984 AMTI computation should start with his 1984 AGI determined *with* his 1987 NOL deduction. In support of his position, the Plaintiff cites *Breakell v. Commissioner*, 97 T.C. 282, 1991 WL 169191 (1991), *aff'd in part, rev'd in part*, 996 F.2d 1231 (11th Cir.1993) (table). The Plaintiff argues that the Eleventh Circuit specifically permitted the taxpayer to reduce AGI by a NOL deduction in calculating AMTI. However, the Plaintiff ignores that the "NOL deduction" in *Breakell* was an *alternate tax* NOL deduction and not a regular tax NOL deduction.

In the instant case, the Plaintiff had a regular tax NOL, but no alternative tax NOL in 1987. The Internal Revenue Code specifically provides that in computing AMTI, a taxpayer may reduce AGI by an alternative tax NOL. *See* 26 U.S.C. § 55(b)(1)(A) (1982). However, the Internal Revenue Code is clear that a taxpayer may not reduce AGI by a regular tax NOL. *Id.* at § 55(b). The Plaintiff may not contravene the plain language of the Internal Revenue Code.

### B. Tax Benefit Rule

■ Turning to the Plaintiff's second theory, the Plaintiff relies upon former Section 58(h), the Tax Benefit Rule. Section 58(h), as in effect for the tax year ended December 31, 1984, stated that "[t]he Secretary shall prescribe regulations under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer's tax under this subtitle." 26 U.S.C. § 58(h) (1982). The purpose of section 58(h) was to prevent a taxpayer who derived no tax benefit from a tax preference

item from being required to pay the add-on minimum tax on that preference. *See United States v. Deckelbaum*, 784 F.Supp. 1206, 1208 (D.Md.1992) (citing S.Rep. No. 938, 94th Cong., 2d Sess. 113–14 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3548–49). The Plaintiff asserts he received no tax benefit from the $488,774 capital gains deduction, which absorbed the $488,774 balance of his 1987 regular tax NOL deduction, and therefore, he is being taxed in the AMT calculation on a tax preference item for which he received no tax benefit. The Plaintiff concludes that the tax benefit rule permits him to reduce his capital gains deduction tax preference amount by the $488,774 for which he received no "tax benefit." This Court disagrees.

First, this Court again emphasizes the plain language of section 55(b), which explicitly precludes AGI from being reduced by a regular tax NOL, and yet explicitly permits AGI to be reduced by an alternative tax NOL. 26 U.S.C. § 55(b) (1982). Plaintiff's alternative "tax benefit" theory would directly contradict Congress' express intent to disallow regular tax NOL deductions in calculating AMTI.

■ Second, to the extent the Plaintiff asserts he was taxed on an item for which he received no tax benefit, the Plaintiff misconstrues the Internal Revenue Code. The Plaintiff is not being taxed on a tax preference item in the AMT calculation, rather, the Plaintiff is being taxed on his AGI, without being allowed any deduction for the capital gains tax preference item. *See Weiser v. United States*, 959 F.2d 146, 147 (9th Cir. 1992).

■ Finally, contrary to the Plaintiff's position, this Court finds that the tax benefit rule set out in Section 58(h) does not apply to an individual taxpayer's tax liability calculated under the AMT provisions. *See Id.* at 148. In *Weiser*, the court faced a situation similar to the instant case. The taxpayers sought to use the tax benefit rule in Section 58(h) of the Code to utilize certain items, for which they allegedly received no benefit under the regular tax calculation, to reduce their tax liability under the AMT calculation.

The district court found that section 58(h), the tax benefit rule, did not apply to individuals whose tax liability was calculated under the AMT provisions.

On appeal, the *Weiser* court affirmed and concluded that the "district court properly held that the tax benefit rule cannot be used to reduce the Taxpayers' AMTI in this case." *Id.* at 149. In rejecting the taxpayers' claim, the *Weiser* court first found that to the extent the taxpayers argued they were taxed on preference items for which they received no tax benefit under the regular tax provisions, the taxpayers had misconstrued the Code.

> Items of tax preference are not taxed, they are simply disallowed as deductions from adjusted gross income (AGI) under the AMT [calculation]. Whether they do or do not generate a tax benefit under the regular code provisions is immaterial in this respect. Congress has made a policy decision that taxpayers cannot exclude these items from adjusted gross income when the AMT is calculated. That decision, while it may result in additional tax liability, does not mean that the disallowed deductions are taxed. Rather, income is taxed without a deduction for the preference items. In other words, unlike the earlier add-on system, the tax is not being calculated on some phantom deduction which had no effect in the real world. It is simply being measured by the taxpayers income without taking certain deductions into account.

*Id.* at 147. The court further found that the tax benefit rule of section 58(h) did not apply to an individual taxpayer's AMT calculation. *Id.* at 148 ("Congress specifically intended to limit the number and type of itemized deductions to be considered in calculating the AMTI, and thus AMT provisions are 'structurally unsuited' to the application of section 58(h).")

The Plaintiff asserts that *Weiser* was "wrongly decided." [3] In support of his position, the Plaintiff relies upon *First Chicago Corp. v. Commissioner,* 88 T.C. 663, 1987 WL 49293 (1987) *aff'd,* 842 F.2d 180 (7th Cir.1988) and *Occidental Petroleum Corp. v. Commissioner,* 82 T.C. 819, 1984 WL 15576 (1984). In *First Chicago Corp.,* the court affirmed the tax court's holding "that there is no minimum tax on tax preference items until the items confer an actual benefit on the taxpayer." *First Chicago Corp.,* 842 F.2d at 180; *see also Occidental Petroleum Corp. v. Commissioner,* 82 T.C. 819, 1984 WL 15576 (1984) (holding that the taxpayers were not subject to the minimum tax for 1977 since the tax preferences did not produce any reduction in tax for any taxable year within the meaning of section 58(h).) However, these two cases pertain to tax years where the "add-on" minimum tax provisions were in effect and relate to tax years prior to the enactment of the AMT provisions.[4]

In 1982, as part of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Congress repealed the "add-on" minimum tax for non-corporate taxpayers and replaced it with the AMT provisions. For the following reasons, this Court refuses to extend the holding in *First Chicago Corp.* and *Occidental Petroleum Corp.* to the instant case, which involves tax years where the AMT provisions were in effect. *See Weiser v. United States,* 959 F.2d 146, 147 (9th Cir. 1992); *Allison v. United States,* 800 F.Supp. 485 (W.D.Tex.1992); *United States v. Deckelbaum,* 784 F.Supp. 1206 (D.Md.1992).

In *Deckelbaum,* the court stated three reasons why the holding in *First Chicago Corp.* and *Occidental Petroleum Corp.* should not be extended to AMT cases. First, the reason Congress enacted the AMT provisions was to prevent taxpayers with significant

**3.** In an unpublished opinion, this Circuit cited *Weiser* in support of its ruling that the AMT provisions contain a built-in tax benefit rule because the AMT calculation begins with AGI. *Breakell v. Commissioner,* 996 F.2d 1231 (11th Cir.1993) (table).

**4.** Plaintiff also relies on various IRS Revenue Rulings, Private Letter Rulings (PLR), and Tech-

nical Advisory Memorandums (TAM). The parties agree that these IRS releases are not precedential authority for the Plaintiff. However, the Plaintiff points to these releases as evidence of the IRS' position and as persuasive authority. These IRS releases also involve tax years where the "add-on" minimum tax was in effect, and not tax years subject to the AMT provisions.

levels of economic income from avoiding all tax liability on that income. *Deckelbaum,* 784 F.Supp. at 1208.

The committee has amended the present minimum tax provisions applying to individuals with one overriding objective: no taxpayer with substantial economic income should be able to avoid all tax liability by using exclusions, deductions, and credits.

S.Rep. No. 494, 97th Cong., 2d Sess. 108 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 876.

Second, the *Deckelbaum* court noted the important differences between the "add-on" minimum tax and the AMT calculations. Under the "add-on" minimum tax, a taxpayer was liable for an "add-on" minimum tax consisting of the sum of tax preference items less an applicable minimum tax deduction. *Id.* The minimum tax is then added to the regular tax to arrive at the taxpayer's total income tax liability. *Id.* Therefore, unlike the AMT, the "add-on" tax was not an alternative to the regular tax, but rather, was in addition to the regular tax. Further, the taxpayer could "avoid payment of the 'add-on' minimum tax by simply not claiming the items of tax preference, because the minimum tax base which existed before 1983 was simply the sum of a taxpayer's tax preference." *Allison,* 800 F.Supp. at 488. By simply not claiming a tax preference item as a deduction, there was no minimum tax base and no minimum tax liability. *Id.; Deckelbaum,* 784 F.Supp. at 1208.

Conversely, the AMT provisions mandated that tax preference items be added back to AGI for purposes of calculating the AMTI. Individual taxpayers were required to complete their regular income tax and their tentative AMT, using different tax rates, and the taxpayer would pay whichever amount was greater. Consequently, the AMT is truly an alternative to the regular tax and is not merely an "add-on" to the regular tax. Therefore, unlike the "add-on" minimum tax, the taxpayer could not avoid payment of the AMT by not claiming certain tax preference items.

Third, the *Deckelbaum* court noted that section 58(h) required the adjustment of tax preference items only "where the tax treat-ment giving rise to such items will not result in the reduction of the taxpayer's tax *under this subtitle....*" 26 U.S.C. § 58(h) (emphasis added). This "subtitle" refers to the subtitle imposing income tax liability. Under the AMT provisions the treatment of tax preferences does not reduce a taxpayer's income tax liability because tax preference items are effectively not deducted in calculating the AMTI upon which the AMT is computed. *Deckelbaum,* 784 F.Supp. at 1209. The *Deckelbaum* court reasoned that this result is consistent with the purpose of the AMT provisions stated in the legislative history. *Id.* This Court notes that this explanation is also consistent with the *Weiser* court holding that the taxpayer is not being taxed on an item of tax preference for which he receives no tax benefit, but rather, is being denied a deduction. *Weiser,* 959 F.2d at 147. Whether or not a taxpayer receives a deduction depends upon the policy decisions made by Congress.

This Court agrees with the courts which have refused to extend the holding in *First Chicago Corp.* and *Occidental Petroleum Corp.* to cases involving the AMT provisions, and consequently, this Court finds that section 58(h), the tax benefit rule, is not applicable to the Plaintiff's AMT calculation.

■ The overriding objective of the AMT provisions was to prevent taxpayers, such as the Plaintiff, with significant levels of economic income, from avoiding all tax liability on that income by using exclusions, deductions, and credits. *See Deckelbaum,* 784 F.Supp. at 1208. The Plaintiff had various tax preference items which reduced his 1987 regular taxable income, but were not allowed as deductions in his 1987 AMT calculation. However, the Plaintiff is attempting to deduct these same tax preference items from 1987 in another year's AMT calculation, which the Internal Revenue Code clearly does not allow. Therefore, by attempting to deduct his 1987 regular tax NOL, comprised principally of tax preference items, from his 1984 AMTI, the Plaintiff is cleverly trying to circumvent the AMT provisions, albeit three years later. This Court will not permit such a result.

Accordingly, after due consideration, it is

**1420**

**ADJUDGED** as follows:

1. Final Judgment be and the same is hereby entered in favor of the Defendant, United States of America, and against the Plaintiff, August Urbanek. The Plaintiff, August Urbanek, shall take nothing by this action and the Defendant, United States of America, shall go hence without day; and

2. To the extent not otherwise disposed of herein, all pending Motions are· hereby **DENIED** as moot.

**DONE AND ORDERED.**