T.C. Memo. 2000-194


UNITED STATES TAX COURT


RONALD M. BROOKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15401-97.                    Filed June 28, 2000.


Ronald M. Brooke, pro se.

<u>Stephen R. Takeuchi</u> and <u>Robert S. Bloink</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a deficiency in

petitioner's 1992 Federal income tax of $12,186, a penalty

pursuant to section 6662(a)[1] of $2,437.20, and a late-filing

addition pursuant to section 6651(a)(1) of $3,046.50.  The

primary issues for our consideration are whether petitioner is

---

[1] Unless otherwise stated, all section references are to the
Internal Revenue Code in effect for the taxable year in issue.

subject to the alternative minimum tax (AMT), and whether he was negligent when he failed to calculate the AMT on his 1992 Federal income tax return. Petitioner also challenges the late-filing penalty determined by respondent.

## FINDINGS OF FACT

The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

At the time his petition was filed, petitioner was a U.S. citizen residing in Ludwigshafen, Germany. Petitioner had remained in Germany after retiring from the U.S. Army in 1985. From 1986 to 1992, petitioner owned a business that contracted with the U.S. military in Germany. In 1992, he received $567,331 in income from that business and reported an adjusted gross income of $507,761. Included in that amount was interest income of $1,421 and dividend income of $196, both of which are considered U.S.-source income and were not taxed by the German Government.

Petitioner paid 456,738 German marks (DM) for taxes associated with the 1992 taxable year to the German Finanzamt, the sovereign taxing authority of Germany. Using the applicable exchange rate for that time (DM 1.56 to the dollar), that amount equals $292,781. The parties agree that petitioner's U.S. tentative AMT liability for 1992 would have been $121,863 before accounting for the alternative minimum tax foreign tax credit and

the alternative minimum tax net operating loss deduction. Petitioner claimed on his U.S. income tax return that the foreign tax credit and net operating loss deduction completely offset any U.S. tax liability he may have had for 1992.

Petitioner's 1992 Federal income tax return was received by respondent on April 15, 1996. Respondent later reviewed petitioner's 1992 return and determined that petitioner had negligently failed to report that he owed the AMT. Respondent determined that petitioner owed $12,186 in income tax after the correct foreign tax credit was applied and a negligence penalty of $2,437.20 for failing to report and pay his AMT. Respondent also determined that petitioner owed a late-filing addition of $3,046.50 because his return was received after the required date for foreign returns.

## OPINION

Nonresident U.S. citizens, such as petitioner, are required to file Federal income tax returns by a date certain and report all worldwide income. See sec. 6012; sec. 1.6012-1(a)(1)(i), Income Tax Regs. If the nonresident citizen pays income tax to foreign jurisdictions, that citizen is entitled to claim a foreign tax credit. See secs. 27(a), 901. Petitioner received U.S.-source income, in the form of dividends and interest, and German-source income, in the form of a salary from his company based in Germany. He reported all sources of income on his

Federal income tax return and calculated the appropriate tax.  He then claimed a credit for the German income tax he had paid against the income tax he owed to the United States, thereby reducing his Federal income tax liability to zero.  He did not report any liability for the section 55 AMT.

Section 55(a) imposes an AMT on noncorporate taxpayers equal to the excess of the "tentative minimum tax" over the "regular tax"[2] for the taxable year.  That excess amount is paid in addition to any regular tax owed.  The AMT prevents a taxpayer with substantial income from avoiding significant tax liability through the use of exemptions, deductions, and credits.  See Urbanek v. United States, 866 F. Supp. 1414 (S.D. Fla. 1994), affd. per curiam 71 F.3d 855 (11th Cir. 1996); S. Rept. 99-313, at 518 (1986), 1986-3 C.B. (Vol. 3) 1, 518.

Noncorporate taxpayers may reduce their tentative minimum tax by the foreign tax credit.  See sec. 55(b)(1)(A).  However, that foreign tax credit is limited by section 59(a)(2)(A).  The foreign tax credit cannot offset more than 90 percent of the tentative minimum tax figured.  See id.  The parties agree that petitioner's tentative minimum tax is $121,863.  Ninety percent of $121,863 is $109,676.  Therefore, petitioner's AMT, the

---

[2] The term "regular tax" means "the regular tax liability for the taxable year (as defined in section 26(b)) reduced by the foreign tax credit allowable under section 27(a)".  Sec. 55(c)(1).

tentative minimum tax minus the foreign tax credit, is $12,186. Because he had no additional regular tax due, petitioner would owe $12,186 for 1992.

In his challenge of the deficiency determined by respondent, petitioner does not question respondent's calculation of the AMT. Instead, he contends that the AMT violates the double tax prohibition found in the U.S.-Germany tax treaty. See Convention for the Avoidance of Double Taxation, Aug. 29, 1989, U.S.-Germany, art. 23, 30 I.L.M. 1778, 1779 (the U.S.-Germany treaty). This was the same argument made in Pekar v. Commissioner, 113 T.C. 158 (1999). In that case, we found that the treaty provision had been written to allow for the preexisting alternative minimum tax provision in section 59. See id. at 163-164. The treaty provision, which was written 5 years after section 59 was enacted, states that the double taxation prohibition is "'subject to the limitations of the law of the United States.'" Id. at 163 (quoting the U.S.-Germany treaty, art. 23(1)). Because the treaty provision may be read in harmony with the AMT provision, petitioner is not excused from liability for the AMT.

Petitioner also disputes respondent's determination that a section 6662(a) negligence penalty should be applied. Petitioner contends that he should not be subject to the section 6662(a) negligence penalty because he relied on the advice of a Judge

Advocate General (JAG) officer hired to help U.S. service personnel living in Germany prepare their tax returns, who told him that he was not liable for the AMT.

Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to items set forth in section 6662(b).  Respondent contends that petitioner was negligent with respect to his understatement of tax.  Negligence includes any careless, reckless, or intentional disregard of rules and regulations, any failure to make a reasonable attempt to comply with the provisions of the law, and any failure to exercise ordinary and reasonable care in the preparation of a tax return.  See Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982).  To prevail on the issue of negligence, petitioner must prove that his actions in connection with this transaction were reasonable in light of his experience and business sophistication.  See Hoffpauir v. Commissioner, T.C. Memo. 1996-41; Avellini v. Commissioner, T.C. Memo. 1995-489.  If a taxpayer acts in good faith and with reasonable cause, he or she will not be liable for the addition to tax for negligence.  See sec. 6664(c); Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. Dister v. Commissioner, T.C. Memo. 1987-217. Petitioner has no tax or accounting background beyond helping fellow service personnel read Internal Revenue Service forms.

Petitioner's return was prepared by an officer who petitioner understood to be hired solely to provide tax advice to service personnel stationed abroad and upon whom he relied. Although we have not ruled in favor of petitioner on the AMT issue, his failure to comply with the regulations was due to his reasonable belief that the JAG officer would know whether he was liable for the AMT. Consequently, petitioner is not liable for the accuracy-related penalty.

As a final issue, petitioner also contends that he should not be liable for the 6651(a)(1) late-filing penalty. Individual Federal income tax returns are generally due on or before April 15 of the year following the close of the calendar year. See sec. 6072(a). That date may be extended by an additional 2 months for U.S. citizens whose tax homes are outside the United States and Puerto Rico. See sec. 1.6081-5(a)(5), Income Tax Regs. Petitioner's 1992 Federal income tax return was received by respondent on April 15, 1996, approximately 3 years past the due date. Petitioner argues that, because a claim for refund may be filed up to 3 years from the return due date, he may also file his return within 3 years of the due date. Petitioner has cited no authority for this position, nor can we find any such authority. Petitioner is therefore liable for the late-filing penalty.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and the late-filing addition, and for petitioner as to the negligence penalty.